**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>        )<br>            Plaintiff, )<br>    vs. )<br>        )<br>JIMMY L. NOEL, )<br>        )<br>            Defendant. )<br>        ) | Case No.: 2:16-cr-00323-GMN-VCF<br><br>**ORDER** |

Pending before the Court is Defendant Jimmy L. Noel's ("Defendant's") Motion for Compassionate Release, (ECF No. 67). The Government filed a Response, (ECF No. 72), and Defendant did not file a reply.

Also pending before the Court is Defendant's Motion for Reconsideration, (ECF No. 73), of the Court's Minute Order denying Defendant's Motion for Appointment of Counsel, (ECF No. 69).

For the reasons discussed below, the Court **DENIES** Defendant's Motions.

**I.    BACKGROUND**

On May 24, 2018, the Court sentenced Defendant to 66-months custody followed by 24-months supervised release after Defendant pleaded guilty to two counts of bank robbery in violation of 18 U.S.C. § 2113(a), two counts of bank robbery in violation of 18 U.S.C. §§ 2113(a) and 3147, and one count of interference with commerce by robbery in violation of 18 U.S.C. §§ 1951 and 3147. (*See* Superseding Information, ECF No. 54); (J., ECF No. 66). Defendant now petitions this Court for compassionate release. (*See generally* Mot. Compassionate Release ("MCR"), ECF No. 67).

Concurrently with his Motion for Compassionate Release, Defendant filed a Motion for Appointment of Counsel. (*See* Mot. Appoint. Counsel, ECF No. 68). The Court denied

Defendant's Motion as moot because the Court appoints the Federal Public Defender's Office ("FPD") to review all motions for compassionate release, after which the FPD either files a supplement to the motions or a notice of non-supplementation depending on the FPD's assessment of the motions' merit. (*See* Min. Order, ECF No. 69); (Gen. Order 2020-06).  After the FPD did not timely file either document, the Court directed the FPD to comply with General Order 2020-06 by filing a supplement or notice of non-supplementation to Defendant's Motion. (*See* Min. Order, ECF No. 70).  The FPD then filed a Notice of Non-Supplementation after finding no supplement necessary. (*See* Notice, ECF No. 71).

## II.  LEGAL STANDARD

The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), authorizes the sentencing court to modify a defendant's sentence in limited circumstances. 18 U.S.C. § 3582(c)(1)(A). Generally, to be eligible for compassionate release, a defendant must demonstrate: (1) he has exhausted his administrative remedies; (2) "extraordinary and compelling reasons" warrant a reduction in his sentence, and (3) he is not "a danger to the safety of any other person or the community." 18 U.S.C. § 3582(c)(1)(A); USSG § 1B1.13.  Under United States Sentencing Guideline § 1B1.13, "extraordinary and compelling reasons" include, among other things, terminal illnesses and medical conditions "that substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." USSG § 1B1.13.  The court may also consider "other reasons" including a "reason other than, or in combination with" a reason specifically provided in the Sentencing Guidelines. *Id.*  The decision to grant compassionate release is in the sentencing court's discretion. *See United States v. Wade*, 2:99-CR-00257-CAS-3, 2020 U.S. Dist. LEXIS 65373, 2020 WL 1864906, at *5 (C.D. Cal. Apr. 13, 2020).

//

## III. DISCUSSION

Defendant argues that the spread of COVID-19 through FCI Sandstone, in combination with Defendant's underlying medical conditions—"heavy smoking history, weight, & BMI, neurological & psychological conditions, plus numerous health conditions from prior history of excessive drug use"—provide "extraordinary and compelling reasons" for his release from custody. (MCR ¶¶ 1–5, ECF No. 67). The Government responds that the Court should deny Defendant's Motion because: (1) Defendant has not met his burden to show that he exhausted his administrative remedies; (2) Defendant's underlying medical conditions do not provide extraordinary and compelling reasons for relief; and (3) a sentencing reduction is not warranted under the § 3553 factors because bank robbery is a crime of violence under 18 U.S.C. § 924(c)(3)(A). (Resp. MCR 5:1–10:10, 13:17–14:5, ECF No. 72).

### a. Exhaustion of Administrative Remedies

The parties dispute whether Defendant has exhausted his administrative remedies. Defendant claims to have requested compassionate release from the warden of FCI Sandstone on June 30, 2020, which was denied by non-response. (MCR ¶ 9). The Government responds that the Bureau of Prisons ("BOP") has no record that Defendant made any request for compassionate release, so he has not met his burden to show he has exhausted his administrative remedies, which deprives the Court of jurisdiction over the Motion. (Gov't's Resp. 4:1–16).

Courts within this District have consistently held that the exhaustion requirement is mandatory and jurisdictional, and this Court finds their reasoning persuasive. *United States v. Rojas-Guzman*, No. 3:10-cr-00109-RCJ-WGC, 2020 U.S. Dist. LEXIS 82101, 2020 WL 2323061, at *1 (D. Nev. May 11, 2020); *United States v. Cooper*, No. 2:14-cr-00228-JAD-CWH, 2020 U.S. Dist. LEXIS 74903, 2020 WL 2064066, at *2–*3 (D. Nev. Apr. 29, 2020); *United States v. Cardenas*, No. 2:11-cr-00414-APG-CWH, 2020 U.S. Dist. LEXIS 74909, at

*1–*3 (D. Nev. Apr. 29, 2020); *United States v. Mogavero*, No. 2:15-cr-00074-JAD-NJK, 2020 U.S. Dist. LEXIS 64623, 2020 WL 1853754, at *2 (D. Nev. Apr. 13, 2020).  Defendant presents only arguments, but not evidence, that he requested compassionate release from the warden. *See United States v. Zermeno*, 66 F.3d 1058, 1062 (9th Cir. 1995) ("The government's assertions in its pleadings are not evidence."); *S. Pac. Co. v. Conway*, 115 F.2d 746, 750 (9th Cir. 1940) ("[T]he office of a pleading is to state ultimate facts and not evidence of such facts.").  Therefore, the Court finds that Defendant has failed to meet his burden to show that the Court has jurisdiction because he has failed to provide evidence that he has exhausted his administrative remedies.  Even if Defendant were able to show he has exhausted his administrative remedies, he has not met his burden to show that his underlying medical conditions provide extraordinary and compelling reasons for his release.

        **b. Extraordinary and Compelling Reasons**

Defendant argues that his "heavy smoking history, weight, & BMI, neurological & psychological conditions, plus numerous health conditions from prior history of excessive drug use" provide "extraordinary and compelling reasons" for his release from custody because they increase his risk of severe complications from COVID-19. (MCR ¶¶ 1–5).  The Government argues that Defendant has not met his burden to show he has underlying health conditions that increase his risk of contracting severe complications from COVID-19. (Resp. MCR 7:21–10:10).[1]  The Court finds that there is little evidence to support Defendant's contention that he is at increased risk for heightened complications from COVID-19.

The Centers for Disease Control ("CDC") maintain a list of underlying medical conditions that increase an individual's risk of contracting severe illness from COVID-19. *See* CDC, "Coronavirus Disease 2019 (COVID-19): People with Certain Medical Conditions,"

---

[1] While Defendant indicates his weight and BMI increase his risk of complications, his Motion for Reconsideration indicates that he is underweight, which is not a COVID-related risk factor identified by the CDC. (*See* Mot. Reconsideration at 3, ECF No. 73).

https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html, (Oct. 16, 2020).  While most of Defendant's alleged underlying medical conditions are not listed, the CDC now counts a previous history of smoking as a condition that medical evidence shows increases the risk of severe illness from COVID-19. *Id.*[2]  Federal district courts are divided regarding whether a history of smoking can provide extraordinary and compelling reasons for relief during the pandemic. *Compare United States v. Galaz*, No. 15-cr-02558-GPC, 2020 U.S. Dist. LEXIS 141362, 2020 WL 4569125, at *4 (S.D. Cal. Aug. 7, 2020) (collecting cases finding that a history of smoking supports compassionate release); *with United States v. Blinks*, No. 1:17-CR-0248, 2020 U.S. Dist. LEXIS 163771, 2020 WL 5366728, at *2 (E.D. Cal. Sept. 8, 2020) (collecting cases finding the contrary)).

     The Court need not conclude whether the risk of exposure to COVID-19 combined with a history of heavy smoking provides extraordinary and compelling reasons for release because Defendant has not met his burden to provide evidence that he has a history of smoking. Defendant cannot merely assert that he has conditions that place him at heightened risk for contracting COVID-19 complications, he must provide the Court with evidence corroborating his claims to satisfy his burden. *United States v. Greenhut*, 2:18-CR-00048, 2020 U.S. Dist. LEXIS 17139, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (citing *United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998)).  As the Government highlights, Defendant's PSR does not corroborate any of his alleged underlying medical conditions. (Resp. MCR 8:4–7, 8:15–18); (PSR ¶¶ 91–98).  Accordingly, because Defendant has not satisfied his burden to show he is eligible for compassionate release, the Court denies the Motion without prejudice.[3]

---

[2] The Government cites an old version of the same list, based on now-outdated medical evidence, indicating that a history of smoking's effect on the risk of COVID-complications is inconclusive. (Resp. MCR 8:4–14).

[3] Defendant asks that the Court construe his Motion for Reconsideration as a late-filed reply. (*See* Mot. Reconsider at 10).  Even if the Court grants Defendant's request, he provides no evidence in the attempted Reply that would satisfy his burden.

Given that the Motion for which Defendant sought assistance of counsel has been resolved, Defendant's Motion for Reconsideration regarding his request for counsel to file the Motion is now moot.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion for Compassionate Release, (ECF No. 67), is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Reconsideration, (ECF No. 73), is **DENIED as moot**.

Dated this  5   day of November, 2020.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT